UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIC WHEELER,[1]<br><br>Petitioner,<br><br>v.<br><br>KATHLEEN ALLISON, CDCR; N. SAHNI; J. TEHRANI; and C. KUSAJ,<br><br>Respondents. | Case No.:  21-CV-1945 JLS (BGS)<br><br>**ORDER: (1) ADOPTING REPORT AND RECOMMENDATION AND OVERRULING PETITIONER'S OBJECTIONS THERETO;**<br>**(2) GRANTING RESPONDENTS' MOTION TO DISMISS;**<br>**(3) DENYING A CERTIFICATE OF APPEALABILITY; AND**<br>**(4) DISMISSING ACTION**<br><br>(ECF Nos. 4, 9 & 12) |

Presently before the Court is Respondents Kathleen Allison, N. Sabni, J. Tehrani, and C. Kusaj's (the last three the "Doctors," and, all together, "Respondents") Motion to Dismiss ("Mot.," ECF No. 4), as well as Petitioner Aric Wheeler's Opposition thereto ("Opp'n," ECF No. 7).  Magistrate Judge Bernard G. Skomal has issued a Report and Recommendation advising the Court to grant Respondents' Motion in its entirety and

---

[1] The Court notes that Petitioner's first name, "Eric," appears to be misspelled in his Petition.  *See* ECF No. 4 at 1 n.1.  The Court will refer to Petitioner as "Aric Wheeler" for consistency with the Petition.

dismiss this action ("R&R," ECF No. 9), and Petitioner has filed Objections thereto ("Objs.," ECF No. 12).[2]  Having carefully considered Judge Skomal's R&R, Petitioner's Petition ("Pet.," ECF No. 1), the Parties' arguments, and the law, the Court **ADOPTS** the R&R, **OVERRULES** Petitioner's Objections, **GRANTS** Respondents' Motion, **DENIES** a certificate of appealability ("COA"), and **DISMISSES** this action.

## BACKGROUND

Judge Skomal's R&R contains a thorough recitation of the relevant background and evidence.  *See* R&R at 2–5.  Nonetheless, because Petitioner contends that the R&R "is riddled with incorrect facts, incorrect information relating to the Petitioner's grounds raised in habeas for relief," Objs. at 33, the Court sets forth anew the relevant facts and procedural background.[3]

Sometime in 2019, Petitioner sued the Doctors, all psychologists employed by the California Department of Corrections and Rehabilitation ("CDCR"), in the California Superior Court.  *See* Pet. at 1, 13.  Dr. Nameeta Sahni prepared a comprehensive risk assessment report ("CRA") for use at Petitioner's parole hearing; Dr. Jasmine Tehrani, Dr. Sahni's supervisor, reviewed the CRA; and Dr. Cliff Kusaj, the Chief Psychologist, approved the CRA.  *Id.* at 13; *see also Wheeler v. Sahni*, D076967, 2021 WL 753928, at *1 (Cal. App. Feb. 26, 2021).  Petitioner asserted claims for negligence; defamation; violation of the Information Practices Act of 1977 ("IPA"), Cal. Civ. Code §§ 1798 *et seq.*; and violation of the Fourteenth Amendment's due process clause.  Pet. at 13; *Wheeler*,

---

[2] The Court notes that Petitioner's Objections, which are forty-two pages exclusive of exhibits, fail to comply with Civil Local Rules 7.1(a) and (h), which indicate that objections to a magistrate judge's orders shall be twenty-five or fewer pages without the Court's leave.  In light of Petitioner's pro se status, however, the Court excuses Petitioner's noncompliance and accepts Petitioner's overlength filing.

[3] As noted in the R&R, "[t]he Petition presented to the Court did not provide information regarding Petitioner's judgment of conviction, such as the length of sentence, his plea, and the offenses that Petitioner was convicted [of] or pleaded guilty [to]."  R&R at 2 (citing Pet. at 1–2).  Further, many of the facts relevant to Petitioner's claims do not appear in his Petition, but rather in ancillary filings.  *See* R&R at 7–8 (noting that many of the factual allegations appeared in Petitioner's Opposition rather than his Petition).  Accordingly, like Judge Skomal, this Court liberally construes the Petition as containing any and all relevant facts set forth in any of the filings presently before this Court.

2021 WL 753928, at *1.  Petitioner sought compensatory and punitive damages.  *See* Pet. at 13; *Wheeler*, 2021 WL 753928, at *1.

The Doctors demurred, arguing that the claims were barred by (1) various state-law statutory privileges or immunities and (2) the favorable-termination doctrine.  *See* Pet. at 13 (citing *Heck v. Humphrey*, 512 U.S. 477 (1994); *Yount v. City of Sacramento*, 43 Cal. 4th 885 (2008)); *Wheeler*, 2021 WL 753928, at *1 (citing same).  The trial court sustained the demurrer without leave to amend, finding both that the Doctors were immune and that "'[Petitioner]'s collateral attack on his parole denial and continued confinement is barred because he has not, and cannot, allege that his prison sentence has been properly overturned or invalidated.'"  *See Wheeler*, 2021 WL 753928, at *2 (quoting Superior Court decision).

Petitioner appealed that decision, but on February 26, 2021, the California Court of Appeal affirmed on the basis that Petitioner's claims were barred by various California statutory privileges and immunities and accordingly the trial court did not err in sustaining the demurrer without leave to amend.  *See id.* at *3.  The Court of Appeal denied Petitioner's petition for rehearing on March 24, 2021.  *See* Pet. at 14.  Petitioner then filed a Petition for Review with the California Supreme Court, which, on May 12, 2021, denied the request.  *Id.* at 2, 5.

The Petition asserts four grounds for relief, all of which Petitioner claims were raised in the California Supreme Court.  *See id.* at 6–9.  First, Petitioner claims that a "Federal Court has authority to pronounce a state court's ruling 'abuse of discretion' 'a significant departure' from a state legislative sheme [sic] in violation of U.S. Constitution – 14th Amendment."  *Id.* at 6.  He argues that the California state legislature enacted the IPA to codify California's constitutional right to privacy, but that the state court's decision concerning the IPA in Petitioner's lawsuit "strains" that "intention" and "violates the petitioner's 'fundamental rights,' and his 'liberty interests' of the 14th Amendment."  *Id.* (citation omitted).  He further claims the court misinterpreted and misstates the law.  *Id.*  He argues this Court can therefore "strike . . . down [the state court's decision] as a violation of the Constitution – 14th Amendment."  *Id.*

Second, Petitioner argues that the state court's decision violates the Fourteenth Amendment by "erroneously mis-interpret[ing] the plain meaning of 'any determination' in [the] IPA . . . and fail[ing] to consider U.S. Supreme Court precedent regarding the term 'any.'" *Id.* at 7. Because the term "any" "means 'without limit' 'every' 'all,'" "[t]his would include parole hearings," so "[t]here is no immunity to any agency-agent of a state entity, that can shield Respondents from failing to obey IPA . . . and maintain accurate records." *Id.* Petitioner argues that Respondents' IPA violations "violat[e] petitioner's fundamental rights – due process – 14th Amendment." *Id.*

Third, Petitioner claims the state court's ruling violates due process by "erroneously appl[ying], misinterpret[ing *Heck*] and *Butterfield v. Bail* (9th Cir. 1997) 120 F.3d 1023" to his IPA claims. *Id.* at 8. Petitioner argues that *Heck*, "a 1983 civil rights arrest-based tort, . . . has nothing legally to do with Petitioner's state and federal causes of action." *Id.* Petitioner claims his case is "a IPA-due process tort action, not a arrest based tort." *Id.*

Fourth and finally, Petitioner claims the state court failed to consider or rule on his claim that the Doctors' failure to abide by the IPA violated his "due process 'liberty' interests under the 14th Amendment." *Id.* at 9. Petitioner asserts "a constitutional right under Fundamental Fairness due process to accurate records/transcripts," which the Doctors violated by failing to abide by the mandatory language in the IPA that they "shall" maintain accurate records. *Id.*

Petitioner initiated this action when he filed his Petition on November 12, 2021. *See generally* Pet. Respondents were ordered to enter an appearance and either move to dismiss or answer the Petition. *See* ECF No. 2. Respondents moved to dismiss on January 13, 2022, *see* Mot., and, after seeking several extensions of time, Petitioner opposed, *see* Opp'n. Judge Skomal issued his R&R on June 7, 2022. *See* R&R. After seeking and obtaining an extension of time to file objections, *see* ECF Nos. 10–11, Petitioner timely objected, *see* Objs.

/ / /

/ / /

**LEGAL STANDARD**

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties in connection with a magistrate judge's R&R. The district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). However, in the absence of timely objection, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

**ANALYSIS**

**I.    Summary of the R&R and Petitioner's Objections Thereto**

Respondents seek to dismiss the Petition in its entirety, contending: (1) because Petitioner's claims raise only state law issues, this Court lacks subject-matter jurisdiction; and, in the alternative, (2) Petitioner's claims do not lie in habeas. *See* R&R at 1–2 (citing Mot.).

The R&R concludes that Petitioner's claims do not fall within the "core of habeas corpus" because "[c]orrection of the alleged errors in the [comprehensive risk assessment ("CRA")] or its removal from petitioner's central prison file will not necessarily lead to the parole board deeming Petitioner suitable for parole and therefore eligible for early release." *Id.* at 10 (citation omitted). "Since Petitioner's claims would not necessarily lead to immediate or speedier release, it falls outside the core of habeas corpus." *Id.*

The R&R further determines that, even were that not the case, the Petition fails to present a federal question. *See id.* at 10–16. The R&R notes that all four claims in the Petition share a common basis: that "an unreliable and inaccurate CRA in Petitioner's prison file . . . violated the IPA and his due process right of having accurate prison records." *Id.* at 11–12 (citing Pet. at 6–9). To the extent Petitioner contends that "the state court

erred by misinterpreting/misapplying California's IPA . . . , he has not stated a federal right which was violated." *Id.* at 13. There is no federal liberty interest in having an accurate prison record, so the Due Process Clause is not implicated. *Id.* at 13–14. And, for due process to be satisfied at a parole hearing, a prisoner need only be afforded an opportunity to be heard and provided a statement of the reasons for denial of parole. *Id.* at 15 (citations omitted). The Petition is devoid of such allegations, and accordingly fails to present a claim premised on the use of the allegedly inaccurate CRA at his parole hearing. *Id.* at 15–16.

Finally, the R&R finds that the Petition is not amenable on its face to conversion to a claim brought pursuant to 42 U.S.C. § 1983, both because the Petition is devoid of factual allegations specific to each named Defendant and because conversion could result in adverse consequences to Petitioner, including the application of the Prison Litigation Reform Act's ("PLRA") "three strikes" provision. *Id.* at 17–18.

Petitioner objects broadly to the R&R, although his objections are not a model of clarity. *See generally* Objs. As an initial matter, he claims that Judge Skomal's R&R "made numerous incorrect statements of fact, and incorrectly misstated the Petitioner's grounds for relief." Objs. at 12. Over numerous pages, he restates the relevant facts and rearticulates each of the grounds for relief set forth in his Petition. *See id.* at 12–29.

Petitioner also objects to the R&R's conclusion that his claims do not fall within the core of habeas corpus, contending "that habeas petitions may be brought for relief other than speedier release from confinement." *Id.* at 31 (citing *Boumediene v. Bush*, 553 U.S. 723 (2008)). He argues that the R&R "cites to numerous unrelated cases with unrelated facts, claims and opinions that have no bearing on Petitioner's habeas grounds for relief," including *Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016) (en banc), which Petitioner contends is not "controlling." Objs. at 34. "Petitioner submits everyone knows when a inmate [sic] succeeds in a habeas action and obtains a new sentencing hearing, the sentence may or may not be reduced." *Id.* at 35. He claims that *Preiser v. Rodriguez*, 411 U.S. 475 (1973), is likewise inapposite, as it "has nothing to do with Petitioner's claims." *Id.* at 36.

"In closing, Petitioner alleges it does not matter what the parole board could deny parole Petitioner on or whether the correction of the errors in the CRA report or its removal from file is done, the damage, loss of liberty as [sic] already happened, the inaccurate CRA report, false in content, and its introduction already in parole hearing, as is false evidence, in itself, that violates due process." *Id.* at 37.

Finally, Petitioner contests the R&R's conclusion that he has not presented a federal question, arguing that "whether the San Diego Superior Court applied Heck, supra, the Favorable Termination Doctrine, in an objectively unreasonable way or completely, is a Federal Question of Law," and that "[d]enial of due process by a state court, is a federal question." *Id.* at 38. He claims that "[t]he Magistrate has in fact overturned the San Diego Superior Court's decision under Heck, supra. That is in fact a Federal Question of Law that this Court must resolve on the merits." *Id.*

The Court reviews *de novo* those portions of Judge Skomal's R&R to which Petitioner objects and reviews for clear error the remainder of the R&R.

## II. Analysis of Petitioner's Objections

### A. *Statements of Facts/Grounds for Relief*

While the Court finds that the R&R provides an accurate and liberally construed recitation of the relevant facts and Petitioner's grounds for relief, in light of Petitioner's objection, the Court has restated both above de novo. *See supra* at 2–4 ("Background").

### B. *Whether Petitioner's Claims Fall Within the Core of Habeas Corpus*

Petitioner contests the R&R's analysis of whether his claims fall within the core of habeas corpus. He argues that the R&R relies on and cites to cases that are factually dissimilar to his own case and therefore not "controlling." *See, e.g.*, Objs. at 34. However, the Court disagrees that the legal authorities relied on by the R&R, including *Nettles* and *Preiser*, are inapposite.

/ / /

/ / /

/ / /

This Court is bound by the decisions of the Ninth Circuit Court of Appeals and the U.S. Supreme Court:

> A district judge may not respectfully (or disrespectfully) disagree with his learned colleagues on his own court of appeals who have ruled on a controlling legal issue, or with Supreme Court Justices writing for a majority of the Court. Binding authority within this regime cannot be considered and cast aside; it is not merely evidence of what the law is. Rather, caselaw on point *is* the law. If a court must decide an issue governed by a prior opinion that constitutes binding authority, the later court is bound to reach the same result, even if it considers the rule unwise or incorrect. Binding authority must be followed unless and until overruled by a body competent to do so.

*Hart v. Massanari*, 266 F.3d 1155, 1170 (9th Cir. 2001) (footnote omitted) (emphasis in original). In other words, a broadly stated rule of law is controlling, even if the facts of a case are not precisely the same as the facts of the case announcing the rule. As the Ninth Circuit has stated, "[a] judge drafting a precedential opinion must not only consider the facts of the immediate case, but must also envision the countless permutations of facts that might arise in the universe of future cases." *Id.* at 1176.

Accordingly, while *Preiser* involved "state prisoners who were deprived of good-conduct-time credits . . . as a result of disciplinary proceedings," 411 U.S. at 476, and while *Nettles* involved a state prisoner who claimed that "the failure to expunge [a disciplinary] violation from his record could affect his eligibility for parole," 830 F.3d at 924–25, both cases nonetheless pronounce rules about what claims fall within the core of habeas corpus that this Court must follow.[4] In *Preiser*, the Supreme Court articulated that a claim falls within the core of habeas corpus when it "attack[s] the very duration of [a prisoner's] physical confinement itself" and the relief would "shorten[] the length of their

---

[4] For similar reasons, the fact that *Heck v. Humphrey*, 512 U.S. 477 (1994), is "a 1983 civil rights arrest-based tort [action]," rather than "a IPA-due process tort action," does not render *Heck* inapposite such that the state court's ruling in Petitioner's case was "contrary to, or involved an unreasonable application of, clearly established Federal law." Pet. at 8; 28 U.S.C. § 2254(d)(1).

confinement" or result in the "immediate discharge from that confinement." 411 U.S. at 487–88. In *Nettles*, the Ninth Circuit, sitting en banc, further refined that rule by explaining that a claim only falls within the core of habeas corpus if "success on [the] claims would . . . necessarily lead to [the petitioner's] immediate or earlier release from confinement." 830 F.3d at 935 (citing *Skinner v. Switzer*, 562 U.S. 521, 535 n.13 (2011)). Moreover, the Ninth Circuit declared in *Nettles* that a claim that does not fall within the core of habeas corpus "must be brought, if at all, under 42 U.S.C. § 1983." *Id.* at 925 (citing *Preiser*, 411 U.S. at 487).

      Applying this binding law to Petitioner's claims, it is clear that his claims do not fall within the core of habeas corpus. Even were the allegedly inaccurate CRA to be expunged from Petitioner's prison file and a new parole hearing granted, it "would not necessarily lead to a grant of parole," because, "[u]nder California law, the parole board must consider '[a]ll relevant, reliable information' in determining suitability for parole." *Nettles*, 830 F.3d at 934–35 (citing Cal. Code. Regs. tit. 15, § 2281(b)). Thus, "[c]orrection of the alleged errors in the CRA or its removal from petitioner's central prison file will not necessarily lead the [Board of Parole Hearings] to deem petitioner suitable for parole and therefore eligible for early release." *Rhodes v. Ronald*, No. 217CV01196KJMCKDP, 2018 WL 1806749, at *2 (E.D. Cal. Apr. 17, 2018) (citing *Nettles*, 830 F.3d 922). "Therefore, [Petitioner's] claim does not fall within the core of habeas corpus and must be brought, if at all, under [42 U.S.C.] § 1983." *Id.* (quoting *Nettles*, 830 F.3d at 934) (internal quotation marks omitted) (alterations in original); *see also Sahm v. Cal. Dep't of Corr. & Rehab.*, No. 2:19-CV-02515 GGH P, 2020 WL 636463, at *2 (E.D. Cal. Feb. 11, 2020) ("It is clear petitioner seeks to challenge, and correct, alleged errors contained in his Comprehensive Risk Assessment. However, the relief petitioner seeks by way of his habeas petition 'would not necessarily lead to immediate or speedier release' from custody." (quoting *Nettles v. Grounds*, 830 F.3d 922, 934 (9th Cir. 2016)); *Strack v. Bd. of Prison Hearings*, No. CIV S-10-1311 GEB, 2011 WL 159637, at *2–3 (E.D. Cal. Jan. 18, 2011) (finding habeas jurisdiction lacking where petitioner argued that a defective psychological evaluation

would impact his future parole prospects because "parole can properly be denied on many different grounds based upon the entire record available to the Board") (citations omitted); *Silveira v. Gastelo*, No. 220CV08021FMOMAA, 2021 WL 2652528, at *3–4 (C.D. Cal. May 20, 2021) (same with regard to disciplinary violation), *report and recommendation adopted*, 2021 WL 2646901 (C.D. Cal. June 28, 2021).  Accordingly, the Court **OVERRULES** Petitioner's objections to the R&R's determination that the Petition does not fall within the core of habeas corpus and **ADOPTS** this portion of the R&R.[5]

### C. *Whether the Petition Presents a Federal Question*

Petitioner also argues that the R&R incorrectly concludes that his Petition fails to present a federal question. *See* Objs. at 38–42. The Court, however, finds that the Petition does indeed fail to present a federal question.

Petitioner's grounds for relief essentially argue that the state court erred in its interpretation and application of the IPA, a state law. *See* Pet. at 6–9. Petitioner's references to the Fourteenth Amendment and *Heck*, 512 U.S. 477, do not alter the fundamentally state-law core of his claims. "A petitioner may not 'transform a state-law issue into a federal one merely by asserting a violation of due process.'" *Schaffer v. Shinn*, No. CV2008157PCTJATCDB, 2021 WL 6101435, at *9 (D. Ariz. June 4, 2021) (quoting *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996)), *report and recommendation adopted*, 2021 WL 5074734 (D. Ariz. Nov. 1, 2021); *accord Wildee v. Macomber*, No. 216CV01825TLNGGH, 2018 WL 1466560, at *4 (E.D. Cal. Mar. 26, 2018) ("To the extent that petitioner is simply attacking a 'wrong' legal decision by the state court,

---

[5] While Petitioner argues that relief that will not necessarily result in a petitioner's immediate or speedier release, such as a resentencing hearing in state court, can be brought in a federal habeas petition, *see* Pet. at 31, 35, district courts within the Ninth Circuit have rejected this argument post-*Nettles*. *See, e.g.*, *Long v. Jaime*, No. 220CV01133FMOKES, 2020 WL 1318356, at *4 (C.D. Cal. Feb. 13, 2020) ("[E]ven if Petitioner were granted federal habeas relief on Grounds Two and Three, the appropriate relief would merely be an order requiring the state courts to hold a resentencing hearing, which might not necessarily result in a reduced sentence. Thus, under *Nettles*, these claims should be brought (if at all) in a civil rights complaint rather than in a habeas petition."), *report and recommendation adopted*, 2020 WL 1318345 (C.D. Cal. Mar. 19, 2020).

petitioner may not transform a state-law issue into a federal one without identifying a violation of a federal constitutional right merely by inferring, as petitioner perhaps intended here, that the state law error constituted a violation of his federal right to due process of law." (citing *Langford*, 110 F. 3d at 1389)).  Accordingly, other district courts within the Ninth Circuit have concluded that they lack jurisdiction over habeas petitions claiming that a CRA contains factual errors because such petitions fail to raise a federal due process violation.  *See, e.g.*, *Rhodes*, 2018 WL 1806749, at *2; *Sahm*, 2020 WL 636463, at *2.  The Court sees no reason, on the record before it, to conclude otherwise.  Moreover, numerous district courts within the Ninth Circuit have found that California prisoners do not have a liberty interest in accurate prison records that would implicate the Due Process Clause on the facts alleged by Petitioner.  *See, e.g.*, *Ricchio v. Eichenberger*, No. 1:09-CV-01959, 2011 WL 43536 (E.D. Cal. Jan. 6, 2011) (finding claim of fake "chrono" in prison record allegedly relied on to deny parole did not implicate the Due Process Clause because the information would not inevitably lengthen the petitioner's sentence); *Perrotte v. Muntz*, No. EDCV0701031MWFVBK, 2012 WL 13226608, at *9 (C.D. Cal. Oct. 1, 2012) ("The inaccuracy of records compiled or maintained by the State is not, standing alone, sufficient to state a claim of constitutional injury under the Due Process Clause.") (citations omitted), *report and recommendation adopted*, 2013 WL 12474128 (C.D. Cal. Feb. 1, 2013); *Uhuru v. Bonnifield*, No. 219CV10449JVSKES, 2020 WL 6534087, at *21 (C.D. Cal. Oct. 27, 2020) ("Generally, however, a right to accurate prison records grounded in the Due Process Clause has not been recognized.") (citations omitted), *report and recommendation adopted*, 2020 WL 6395478 (C.D. Cal. Nov. 2, 2020).

"The short of the matter is that the responsibility for ensuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business." *Swarthout v. Cooke*, 562 U.S. 216, 222 (2011).  Petitioner fails to present a federal question, and accordingly the Court **OVERRULES** Petitioner's objections to the contrary and **ADOPTS** the R&R's conclusion in this respect.

### III. Analysis of the Remainder of the R&R

Petitioner objects to the majority of the R&R. *See generally* Objs. The main issue that Petitioner appears not to raise in his Objections is the R&R's finding that the Petition is not amenable on its face to conversion to a section 1983 claim. *See* R&R at 16–18; *see also* Objs. To the extent Petitioner does not object to the R&R, the Court finds the R&R to be free from clear error, and the Court therefore **ADOPTS** any portion of the R&R to which Petitioner does not object.

## CERTIFICATE OF APPEALABILITY

The Court is obliged to determine whether a COA should issue in this matter, as Rule 11 of the Rules Governing Section 2254 Cases states that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A COA is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by showing that "reasonable jurists" would debate the Court's assessment of the constitutional claims. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If the claim is dismissed on procedural grounds, the petitioner must show that reasonable jurists would debate whether (1) the petition "states a valid claim of the denial of a constitutional right" and (2) the Court was correct in its procedural ruling. *Id.* at 478. Because both components are necessary to obtain a COA, the U.S. Supreme Court has encouraged district courts to address the procedural prong first. *See id.* at 485; *see also Petrocelli v. Angelone*, 248 F.3d 877, 884 & n.6 (9th Cir. 2001).

Here, the Court concludes that Petitioner has not made the required showing. Accordingly, the Court **DENIES** a COA.

## CONCLUSION

In light of the foregoing, the Court **ADOPTS** Magistrate Judge Bernard G. Skomal's Report and Recommendation (ECF No. 9), **OVERRULES** Petitioner's Objections (ECF No. 12), **GRANTS** Respondents' Motion to Dismiss (ECF No. 4), and **DENIES** a

/ / /

certificate of appealability.  As this concludes the litigation in this matter, the Clerk of the Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated:  September 9, 2022

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

13
21-CV-1945 JLS (BGS)